CHRISTOPHER STEBBINS & another, Administrators *vs.* NATHANIEL S. MERRITT & another.

The records of a manufacturing corporation may be competent evidence of their proceedings, although kept by a clerk not sworn, if verified by his oath, when offered in evidence.

The general agent of a manufacturing corporation may call a meeting thereof, without any special authority, in the absence of any statute or by-law providing for the calling of meetings.

A meeting of a manufacturing corporation may be legally held, although one of its members is incapable from mental imbecility of receiving a notice thereof.

A person not a stockholder in a manufacturing corporation may be legally elected a moderator at one of its meetings.

The fact that a seal with a particular device has been used by a manufacturing corporation on three occasions, does not make that the exclusive seal of the company, the records showing that no particular seal had ever been adopted by vote of the company.

WRIT OF ENTRY to recover a parcel of land in Ludlow. Plea, the general issue. The trial was before *Dewey*, J.

The demandants claimed under an execution in their favor, against the Springfield Manufacturing Company, a corporation established by law, and a levy thereof February 6, 1851 No question arises upon the regularity of the levy.

The tenants relied upon a mortgage of the same estate, from said corporation, dated July 14, 1848 to secure the pay-

ment of a note of hand for $70,000, and to indemnify them for acceptances made, and to be made, on account of said corporation; and that possession had been duly taken under said mortgage, to foreclose the same for condition broken, on the 15th of July, 1848, and that they had retained possession of said estate ever since. The mortgage to the tenants was executed by E. C. Jenks, as agent for the corporation, and the validity of this mortgage was denied by the demandants.

Joseph C. Clark testified that he acted as clerk of said corporation, from May, 1845, to date of said mortgage. The witness produced a book which he testified to be a book of records of said corporation, in which it appeared that he had been chosen clerk of said company annually, from May 5, 1845, to the year 1848 inclusive, but the records did not show that said clerk had been sworn, and he testified that he had never been sworn as clerk. It was therefore objected that the book offered as records, was not competent as such.

The judge reserving the question, permitted the tenants to offer evidence by said witness, that he acted as clerk of said corporation during the period aforesaid; that he made said entries in said book as records of the proceedings of said corporation during said period; that the votes therein stated were passed as recorded; and that the entries therein made by him as clerk, and the statements of the transactions of said company as entered, were within his personal knowledge truly entered and were in fact true.

The tenants claimed that said Jenks had power to execute the mortgage to them by a vote of the corporation, passed at a special meeting called by said Jenks, July 12, 1848, which was thus recorded in the book produced by Clark.

" At a meeting of the stockholders of the Springfield Manufacturing Company, held this 12th day of July, 1848, Voted: That the agent of the company, E. C. Jenks, act as moderator of this meeting. Voted: That J. C. Clark act as clerk.'

" Voted: That the agent of the company, Ephraim C. Jenks, be authorized to mortgage the real and personal estate of the Springfield Manufacturing Company, to John Wood and

Nathaniel S. Merritt, for the amount due Wood and Merritt, and Wood, Merritt, and Company, and also for any acceptances which Wood, Merritt, and Company, may hereafter make on account of said Manufacturing Company, or any obligation they may assume on account of said company.

"Voted: That Ephraim C. Jenks be authorized to mortgage the real and personal property of the Springfield Manufacturing Company, to all the help in the employ of said company, and to all persons or corporations to whom said company are indebted."

The witness further testified that he knew of no persons who were at the time members or stockholders of said corporation, who were not present at that meeting. He further testified that Ephraim C. Jenks, who was agent of said company, acted at said meeting as moderator.

It appeared by inspection of various books of records, if competent as primary evidence, that Benjamin Jenks, Washington Jenks, and Margaret Clark, were the only holders of stock of said corporation, July 12, 1848, and it appeared that they were all present or represented at said meeting.

And the tenants offered parol evidence, tending to show that all meetings of said corporation, except their annual meetings, were called and notified by a verbal notice to each resident stockholder personally, and by letter to non-residents; there being no vote or by-law prescribing the mode of calling or notifying such meetings.

The demandants also objected to the validity of the mortgage deed to the tenants, for want of a corporate seal, and referred to the records of the corporation, of the meeting of December 31, 1821, at which it was voted "that the seal, of which this is a fair impression, be the seal of the corporation," (no impression, however, was upon the page,) as showing that the corporation had adopted a corporate seal, and they claimed that the seal so annexed to the mortgage was a mere piece of paper annexed with a wafer, and was not the corporate seal of the company. And they offered evidence tending to show that the company had a seal which had been since its adoption kept for use in the safe of the company, on which was a device

3 *

of a beehive, encircled by the name of the company, and that the same had been annexed to three deeds given by said company, one in 1837, one in 1838, and one in 1845. It did not appear that any other deeds had been thus executed by the corporation than those above named. It did not appear from any evidence that a common wafer seal had ever been used by the corporation, as its seal, prior to the execution of this mortgage.

The demandants further objected to the validity of said mortgage, because Ephraim C. Jenks, who presided as moderator of said meeting, July 12, 1848, was not a stockholder in said corporation, and also because by the tenor of the votes then passed, the agent was not authorized to execute a mortgage deed to Wood and Merritt alone, to secure the debt due them, and also the debt due to Wood, Merritt, and Company, from said corporation. The demandants further objected that the votes passed July 12, did not furnish sufficient authority to the agent to execute this mortgage; that they did not sufficiently define the property to be conveyed; and did not authorize a preference of the tenants over the demandants' intestate, or other creditors.

The demandants then proposed to offer evidence tending to show that Benjamin Jenks, one of said stockholders present at said meeting of the 12th of July, was at that time by reason of physical and mental imbecility, incapable of acting as such corporator, or of being legally notified to attend said meeting. To which evidence the tenants objected as being immaterial and incompetent, and it was excluded.

Whereupon the case was by consent of parties, taken from the jury with the agreement that upon the foregoing facts the court should enter judgment for the demandants or tenants as the law requires, unless the court should be of opinion that the evidence proposed to be offered in respect to the imbecility of Benjamin Jenks is material and competent, or that any other fact should be sent to the jury, in which event the case is to be sent to a jury upon these points as questions of fact.

*R. A. Chapman* and *H. Morris*, for the demandants.

*S. Bartlett* and *E. Washburn*, for the tenants.

Stebbins & another, Administrators *v.* Merritt & another.

BIGELOW, J.   Both parties in the present case claim title under the Springfield Manufacturing Company; the demandants by virtue of a levy of an execution in their favor against the corporation; the tenants under a mortgage alleged by them to have been duly executed by the authorized agent of the company.   The latter being in possession under the elder title, are entitled to hold the premises, unless the mortgage under which they claim is invalid.   The whole case therefore turns on the validity of that mortgage.   The demandants seek to impeach it on various grounds.

1.  The first and most material objection urged by the demandants is, that there is no legal and proper evidence of the authority of the agent to execute the mortgage.   This objection is put upon the ground that the authority of such agent can be shown only by a vote of the corporation, duly entered on its records by the proper officer; that under the statute in force at the time of the incorporation of said company, (*St.* 1808, *c.* 65,) a clerk, sworn to the faithful discharge of his duty, could alone keep such records, and that in the present case, the clerk of the corporation not having been sworn, the records kept by him are not the legal records of the company, and are incompetent as proof of their corporate acts.   But it seems to us this argument proves too much.   If it is well founded, then it follows that the omission of the clerk to take the oath of office not only disqualifies him, but also in effect disfranchises the corporation.   If its proceedings and corporate acts can be proved only by its records, and if its records are inadmissible as proof, if kept by a clerk who was not sworn, then it can legally prove no acts, and is thereby incapacitated from the performance of its legitimate functions.   But this cannot be so.   The provision of the statute is simply that the corporation " shall have power from time to time to choose a clerk, who shall be sworn."   It would certainly be a very forced and unreasonable construction to hold that under this provision the corporation can have no records and prove no corporate acts, unless its clerk was first sworn.   We should have great doubts whether such omissions could be taken advantage of as against the corporation itself, but it is very clear. that it

cannot impair the rights of third parties claiming derivative interests under the votes of the corporation. In this particular, as in many others of a like character, the statute must be deemed to be directory only. It confers the power of electing a clerk, and gives the sanction of an oath as a security to the corporation for the faithful performance of his duties. Such a provision is similar in its nature to those requiring officers to be chosen on a certain day, and treasurers and cashiers to give bonds. They are intended only for the security of the corporation, and to insure its due regulation and government, and fidelity on the part of its officers, but not as essential to the validity of corporate acts or the performance of official duties They cannot be construed as conditions precedent, unless they are made so by the express terms of the statute. The breach or neglect of such provisions of law, although only directory in their character, may render officers personally liable for violation of duty, or subject a corporation to proceedings on the part of the government for a disregard of the requisitions of its charter, but it does not impair the validity of its recorded acts, so far as to affect the rights of third parties. Ang. & Am. Corp. §§ 285, 291; *Bank of the United States* v. *Dandridge*, 12 Wheat. 64, 87, 88; *Hastings* v. *Blue Hill Turnpike Corporation*, 9 Pick. 80.

It follows that the records in the present case, having been verified by the oath of the clerk of the corporation at the trial, were the best evidence of the proceedings and votes of the corporation, and were admissible to prove the vote of the company, authorizing the agent to execute the mortgage, under which the tenants hold the premises. *Whitman* v. *Granite Church*, 11 Shepley, 236.

2. The next objection insisted on by the demandants is, that the meeting of the corporation on July 12, 1848, at which the vote was passed giving said authority to the agent, was not duly notified. It is admitted by the tenants, that there was no provision in the charter or by-laws regulating the mode of calling meetings of the corporation; and that, therefore, it was necessary to show a notice to each stockholder of the time and place of holding said meeting, or a waiver of such notice.

*Wiggin* v. *Freewill Baptist Church*, 8 Met. 301. To the proof offered by the tenants that such a notice was given to each stockholder, the demandants object on various grounds. In the first place, it is urged, that there is no proof that the persons notified included all the members of the corporation on the day of the meeting. But it appears by the records that all the individuals holding stock were so notified. On this point the records were clearly *primâ facie* evidence, and sufficiently proved that all the stockholders were notified to attend the meeting.

It is then urged that the meeting was not warned by any person or officer authorized to call it. It is true that no one was specially empowered by statute or by any by-law to call meetings; but, in the absence of any special authority for this purpose, we think it was competent for the general agent of the corporation to notify meetings, when he might deem the interests and business of the corporation required it. He was the person to whom was intrusted the management and control of its affairs. Being a trading corporation, it was essential to employ an agent in order to carry on its business, and he would best know when a special meeting of the stockholders was required by the exigencies of the corporation. It was, therefore, within the scope of his authority and duty as general agent, to summon the corporators when the condition of the business and affairs of the corporation were such as to render a meeting necessary.

It is also objected that the meeting was not duly called, because one of the stockholders is alleged to have been incapable of receiving a legal notice on account of physical and mental imbecility. But it is very obvious that this objection cannot prevail. If the notice was legal, then the corporation was duly summoned. The law cannot look into the capacity of the stockholders to transact business, but can only regard the capacity of the aggregate body when duly assembled. If it were otherwise, the legal incapacity of a stockholder, such as coverture, infancy, or insanity, would operate as an effectual obstacle to a valid assembly of any aggregate corporation. The law confers the attribute of individuality on the entire

body constituting a corporation, and in which the individuals composing it are merged. When duly assembled, the corporation itself becomes the individual or person whose acts and proceedings the law can alone regard. If, therefore, it is legally called together, the law presumes that the individual members are competent to the transaction of business. In the present case, the notice having been given to each stockholder by a person authorized to call a meeting, the corporation was duly assembled and its acts are binding upon its own stockholders and upon third persons. Upon the same principle, we are inclined to the opinion that all the stockholders being notified and present at the meeting, and no objection having been then made to the regularity of the notification, all objections on that ground have been conclusively waived.

3. The demandants also contend that the meeting of the corporation, if legally called, was illegally organized by the election, as moderator, of a person not a stockholder. No authority was cited in support of this objection, nor can we see any good reason upon which it can rest. The duty of a moderator is merely to preside and see that the proceedings are conducted in a legal and orderly manner. In doing this, he acts only as the agent of the corporation. There is nothing in the nature of the office, which requires him to be a stockholder, although from convenience the usage is to elect one of the stockholders to perform the duty. But his duties, like those of clerk, are merely ministerial, and can in no way affect the validity of the doings of the corporation or the rights of those claiming under them.

4. It is further objected, that the mortgage is invalid because it is not sealed with the corporate seal of the grantor. This would be a valid objection if it were supported by the evidence. The signature of the duly authorized agent of the corporation, executing the instrument in its behalf being proved, the seal, though mere paper and wafer without any specific stamp or mark, will be presumed to be the seal of corporation. Ang. & Am. Corp. § 226. *Mill Dam Foundery* v. *Hovey*, 21 Pick. 428. *Primâ facie*, therefore, the deed in the present case bears

the common seal of the company. The evidence offered by the demandants fails to overcome this presumption. The records do not show that any seal bearing an impression was ever adopted by a vote of the corporation. The fact that a seal of a particular description had been annexed to three deeds of the corporation at different times, in the absence of any vote adopting or ratifying it, does not prove it to be the corporate seal, to the exclusion of any other mode of ensealing the instrument. The presumption, therefore, arising from the execution of the deed by the agent with a seal purporting to be the common seal of the corporation, is not overcome.

5. The remaining objection is, that the vote in terms did not empower the agent to convey the whole real and personal estate to the tenants in mortgage in preference over other creditors of the corporation. But it seems to us, that the true interpretation of the votes passed at the meeting on July 12, 1848, is that the corporation intended by them to vest full discretion in their agent to make such conveyances of the whole or any part of their estate, both real and personal, as he in his judgment might think the interests of the corporation required. The votes were without any limitation as to the kind or amount of property to be conveyed, or as to the order and purpose of the conveyances. The inference would rather be, that the mortgage to the tenants was intended to operate as a preference over other creditors from the fact that the vote seems to contemplate the assumption of new and further liabilities by the tenants in behalf of the corporation. We are, therefore, of the opinion, that the agent did not exceed his authority in executing the mortgage to the tenants.

*Judgment for the tenants.*