# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 2, 1896.

EX PARTE TRUST ESTATE OF C. H. PEARSON PACKING COMPANY, ETC.

*Alfred J. Carr* and *John P. Poe* for petitioners.

*Gans & Haman* for respondents.

HARLAN & DENNIS, JJ. (Opinion by DENNIS, J.)—

We are of the opinion:

1st. That the validity of the deed cannot be assailed, on the ground of fraud, in this proceeding; and

2nd. The validity of the deed being assumed, those creditors and stockholders who do not assent to the prayer of this petition, have vested rights under the deed which the Court is bound to respect; and without their consent, it cannot direct a reconveyance of the property as prayed. The petition asking that the trust property be reconveyed to the corporation must therefore be dismissed with costs.

Inasmuch, however, as the validity of the deed is attacked by a proper proceeding in the Circuit Court, and the whole question of its validity was fully discussed before us in the present case, we deem it proper to say, as it may avoid the costs of further litigation, that we are of the opinion that the deed is valid. We think the testimony shows that the Company was commercially insolvent, and the Messrs. Torsch themselves, allege the fact in their bill in the Circuit Court, in which they ask for a receivership; this being so, the directors became by operation of law, trustees for the creditors, and it was not only their right, but their duty to make the deed of trust.

The fact that the call for the meeting at which the deed was determined on, did not state the purpose of the meeting, as required by the by-laws, is immaterial, in view of the further fact that all of the directors were actually present and voted on the resolution, and that no objection was made to the consideration of the resolution on the ground that no notice had been given in the call of any intention to offer the same. It is not necessary that all should have voted in favor of the resolution; if they voted on the question at all, and made no objection to its consideration, the requirement of notice will be deemed to have been waived.

Kenton vs. McAlpin, 5 Fed. Rep. 745.
People vs. Peck, 11 Wend. 604.
Jones vs. Milton, 7 Ind. 547.
Stebbins vs. Merritt, 64 Mass. 34.